IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOE NATHAN JACKSON, JR.; and                                         PLAINTIFFS
CHANDRA LYONS J. JACKSON

v.                           Civil No. 12-2306

SEBASTIAN COUNTY DISTRICT COURT
JUDGE CLAIRE BORENGASSER; and
JANET MATLOCK, Chuck Fawcett Realty                                  DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiffs, Joe Nathan Jackson and Chandra Jackson, have submitted this *pro se* action regarding their rental of, and eviction from, a house in Fort Smith, Arkansas. Plaintiff Chandra Jackson has also submitted an application to proceed *in forma pauperis* (IFP). **The Clerk is directed to file the complaint and IFP application.**

Under the provisions of the IFP statute, the Court is obligated to screen any complaint in which the Plaintiff seeks to proceed IFP. 28 U.S.C. § 1915(e)(2). The Court is to dismiss the case if it determines that the case is: frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a Defendant who is immune from such relief. *Id.*

### Background

According to the allegations of the complaint, in early March of 2012 Plaintiffs rented a residence located at 2412 North 56 Lane, Forth Smith, Arkansas. The rental of the property was handled by Chuck Fawcett Realty and the real estate agent who handled the rental and subsequent eviction was Janet Matlock.

-1-

The Plaintiffs moved into the rental property in March of 2012. Plaintiff's assert there were a number of problems with the residence. Plaintiffs allege that they did some of the repairs themselves but did not receive payment or credit on their rent.

The air conditioning unit was not running properly and beginning in April Plaintiffs notified Matlock of the problem. The problem was not fixed and on July 23rd, Chandra Jackson was taken to the hospital where she was diagnosed with "heat causing syncope."

On July 9th, Plaintiffs were served with a notice of eviction. On July 18th, they were given a notice to vacate the property. On July 10th, Plaintiffs paid $500 in rent. They maintain the money should not have been accepted if the eviction process was continued. They also maintain that prior payments were not properly recorded.

On August 15th, Chandra Jackson was served with a citation for failure to vacate the property. On September 4th, Plaintiffs appeared before Sebastian County District Judge Claire Borengasser. Judge Borengasser issued a writ of eviction directing the Sheriff of Sebastian County to remove all occupants from the rental property. Matlock also filed a suit for non-payment of rent against the Plaintiffs.

On August 20th, Plaintiffs filed a case in the small claims court asking for damages in the amount of $3500. On November 7th, Plaintiffs appeared in court before Judge Borengasser. Chandra Jackson did not have her evidence in order. Because of her medical conditions and problems with her medication, Chandra Jackson was unable to stand for long periods of time and maintain her balance. She also placed her hand on her right lower back.

Despite her knowledge of Chandra Jackson's medical conditions, Plaintiffs allege Judge Borengasser had Chandra Jackson placed in jail for two hours.

AO72A
(Rev. 8/82)

### Discussion

While Chandra Jackson would qualify from a financial standpoint for IFP status, the Court does not have jurisdiction over the claims asserted. Federal courts are courts of limited jurisdiction. *See e.g., Godfrey v. Pulitzer Publishing Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998). Generally, the federal district courts may only exercise jurisdiction over cases in which diversity of citizenship exists and the requisite amount in controversy is involved and those cases in which a federal question is presented; in other words, those cases involving violations of federal constitutional or statutory law. *See e.g., Southwestern Bell Telephone Co. v. Connect Communications Corp.*, 225 F.3d 942, 945 (8th Cir. 2000). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83 (1998)(quoting *Mansfield, C. & L.M.R. Co. v. Swan,* 111 U.S. 379, 382) (alteration in original)). We turn to an examination of the claims asserted.

First, to the extent Plaintiff is attempting to assert a civil rights claim against Matlock the claim fails. Matlock is a private party who is not subject to suit under 42 U.S.C. § 1983. Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that each defendant acted under color of state law and that he or she violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999). Matlock did not act under color of law when acting as a landlord with respect to the rental of a residence or in utilizing state law eviction procedures.

Second, Judge Borengasser is immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *see also Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of [her] authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

Judicial immunity is overcome in two situations: (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11. It is clear from the allegations of the complaint that neither situation applies here.

Third, no other basis of federal jurisdiction exists. Diversity jurisdiction turns on two issues, is there complete diversity of citizenship between the parties, and does the amount in controversy exceed $75,000." *Northport Health Services of Arkansas, LLC v. Rutherford*, 605 F.3d 483, 486 (8th Cir. 2010). The complaint alleges that all parties to this case reside in Fort Smith, Arkansas. Diversity of citizenship does not exist.

### Conclusion

For the reasons stated, I recommend that the motion to proceed IFP be denied and the case dismissed.

**Plaintiffs have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this _5_ day of December 2012.

/s/ Marschewski
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

DEC 06 2012

CHRIS R. JOHNSON, Clerk
By
   Deputy Clerk

-5-

AO72A
(Rev. 8/82)